[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO STRIKE (#111)
Plaintiffs Cynthia Erickson and her husband, Russell Erickson, brought this action against defendant Norwalk Hospital ("Hospital") by way of a four-count complaint filed on January 19, 1993. The plaintiffs' complaint asserted causes of action sounding in medical malpractice, loss of consortium, and violation of the Connecticut Unfair Trade Practices Act, General Statutes 42-110a et seq. ("CUTPA"). On October 10, 1993, this court (Spear, J.) granted the Hospital's motion to strike (#102) the plaintiffs' CUTPA claims (the second and fourth counts) on the ground that "the allegations here do not fit within any of the criteria under the `cigarette rule' or any combination of any of those factors. . . ." Memorandum of Decision at pp. 4-5.
The following allegations are taken from the plaintiffs' revised four-count complaint, filed on October 14, 1993. The plaintiffs allege that on June 11, 1991, Cynthia Erickson was a patient admitted at defendant Norwalk Hospital ("Hospital"). On July 3, 1991, Cynthia Erickson suffered a seizure which was CT Page 11111 allegedly caused by the administration of a dose of insulin for which there was no medical reason or physician's order. Subsequent to the seizure, the Hospital conducted an internal investigation of the incident, and filed a report with the Norwalk Police Department which identified Russell Erickson as a suspect. The plaintiffs allege that after a criminal investigation of the incident was concluded, the police determined that there was no probable cause to believe that a crime was committed.
In the first count of their revised complaint, the plaintiffs assert a medical malpractice claim against the Hospital. In the third count, Russell Erickson asserts a loss of consortium claim. In the second and fourth counts, the plaintiffs allege that the Hospital violated CUTPA by naming Russell Erickson as a suspect because, inter alia: (1) the Hospital negligently conducted an incomplete investigation of the incident; (2) the Hospital identified Russell Erickson as a suspect in order to avoid responsibility for the errors committed by its staff; and (3) the Hospital failed to disclose all of the relevant facts in an attempt to mislead the Police Department. (The second count is brought by Cynthia Erickson; the fourth count is brought by Russell Erickson.)
On November 8, 1993, the Hospital filed a motion to strike the second and fourth counts of the plaintiffs' revised complaint (#111) along with a supporting memorandum of law. The plaintiffs filed an objection and a memorandum in opposition on November 24, 1993.
A motion to strike tests the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432
(1989). In analyzing a motion to strike, the court is limited to the facts alleged in the pleading; Rowe v. Godou, 209 Conn. 273,278, 550 A.2d 1073 (1988); which must be construed in the light most favorable to the pleader. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 540 A.2d 1185 (1988).
The Hospital's first argument in support of its motion to strike is that the second and fourth counts of the plaintiffs' revised complaint do not fit within the criteria set out in the "cigarette rule" because: (1) the plaintiffs have failed to identify any public policy which would have been violated by the Hospital's reporting of the incident to the police; and (2) the plaintiffs have failed to allege that they suffered a CT Page 11112 "substantial injury" in their capacity as consumers. The Hospital also argues that the reporting of a suspicious incident is not within the conduct of its trade or business.
General Statutes 42-110b(a) provides in pertinent part that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts in the conduct of any trade or commerce." (Emphasis added.) "Trade" and "commerce" is defined as "the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value in this state." General Statutes 42-110a(4).
 In determining whether a practice violates CUTPA, we use the following criteria: "(1) [W]hether the practice, without necessarily having been previously considered unlawful, offends public policy as it has been established by statutes, the common law, or otherwise — whether in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers, competitors or other businessmen."
Daddona v. Liberty Mobile Home Sales, Inc., 209 Conn. 243, 254,550 A.2d 1061 (1988).
This test is called the "cigarette rule." There has been some question as to whether all three prongs of this rule must be met in order to demonstrate a CUTPA violation, or whether satisfaction of one or two prongs is sufficient. "Our Supreme Court has noted that while in certain cases all three criteria set forth in the `cigarette rule' may be required to be satisfied, generally all need not be satisfied to support a finding of unfairness." Krawiec v. Blake Manor Development Corp., 26 Conn. App. 601, 607, 602 A.2d 1062 (1992), citing Atlantic Richfield Co. v. Canaan Oil Co., 202 Conn. 234, 242,520 A.2d 1008 (1987). In A-G Foods, Inc. v. Pepperidge Farms, Inc., 216 Conn. 200, 579 A.2d 69 (1990), the court, quoting from a law review article, stated that "consumer injury is the CT Page 11113 primary focus of the FTC act" and that "regulation is permissible only if a practice causes unjustified injury that is substantial." (Citations omitted.) Id., 216.
In A-G Foods, the court stated that because "neither the second or third prong of the `cigarette rule' has been satisfied, we conclude that Pepperidge Farm's negligence was not an unfair practice within the meaning of CUTPA. Id. Thus, "the first prong, standing alone, is insufficient to support a CUTPA violation, at least when the underlying claim is grounded solely in negligence." Id., 217.
In the second and fourth counts, the plaintiffs fail to allege and identify which public policy, if any, was violated by the Hospital in reporting the suspicious incident to the police. The plaintiffs have also failed to allege that they suffered a substantial "consumer injury" as a result of the Hospital's actions. Thus, the second and fourth counts of the plaintiffs' revised complaint fail to meet the criteria set out in the "cigarette rule." It is also questionable as to whether a Hospital's act of reporting a suspicious incident would fall within the statutory definition of "trade" and "commerce," as the Hospital's trade or commerce would be limited to the distribution of health services, and any acts or practices which are directly related to the distribution of such services.
Accordingly, the Hospital's motion to strike the second and fourth counts of the plaintiffs' revised complaint is granted on the ground that these counts are legally insufficient.
BALLEN, J.